Dear Senator Bradshaw:
This official opinion is in response to your request for a ruling on the following question:
 "Can a person properly serve simultaneously as a trustee of a private college in Missouri and also as a member of the state Coordinating Board for Higher Education?"
Section 6.1.2 of the Omnibus State Reorganization Act of 1974, Appendix B, abolished the Commission on Higher Education, Chapter 173, RSMo, and transferred by Type 1 transfer all its powers and duties to the Coordinating Board for Higher Education. Section 173.060(1) stated that no member of the former Commission "shall be engaged professionally as an educator during his term of office, or shall he be serving as a member of a governing board of any institution of higher education in the state." Section 6.2 provides that "[n]one of the members shall be engaged professionally as an educator or educational administrator, at the time appointed or during his term."
Section 6.2 does not include the phrase "or shall he be serving as a member of a governing board of any institution of higher education in the state". Rather, Section 6.2 states that none of the members shall be engaged professionally as an educator or educational administrator. The question is whether the term "educational administrator" in Section 6.2 includes one who serves as a member of the governing board of an institution of higher education.
The term "educational administrator" is not defined in the statute. Before the true meaning of a statute can be determined where there is genuine uncertainty as to how it should apply, consideration must be given to the problem to which the legislature addressed itself and the operation and administration of the statute.
The Coordinating Board for Higher Education was created in Section 6 of the Omnibus State Reorganization Act of 1974, Senate Bill No. 1, 77th General Assembly, First Extraordinary Session 1974. The Board consists of nine members appointed by the Governor with the advice and consent of the Senate, and the Board acts as the head of the Department of Higher Education with supervisory and review authority over the various public institutions of higher education in the state, and has data and information-gathering authority over the various private institutions in the state. The Board is given authority in Section 6.2(7) to collect the necessary information and develop comparable data for all institutions of higher education in the state. The Board uses this information to delineate the areas of competence of each of these institutions and for any other purposes deemed appropriate by the Coordinating Board. Subsection (8) of Section 6.2 states that "Compliance with requests from the coordinating board for institutional information and the other powers, duties and responsibilities, herein assigned to the coordinating board, shall be a prerequisite to the receipt of any funds for which the coordinating board is responsible for administering. . . ."
The funds which the Coordinating Board is responsible for administering in the State of Missouri are the funds administered through the Student Grant and Loan Programs.
Subsection (9) of Section 6.2 provides for imposition of sanctions if "any institution of higher education in the state, public or private, willfully fails or refuses to follow any lawful guideline, policy or procedure established or prescribed by the Coordinating Board, or knowingly deviates from any such guideline . . . or willfully fails to comply with any other lawful order . . ." of the Coordinating Board. In such circumstances the Coordinating Board may, after a public hearing, withhold or direct to be withheld from that institution any funds the disbursement of which is subject to the control of the Coordinating Board.
A contemporaneous interpretation of Section 6.2 was made at or soon after the time of its enactment in Attorney General Opinion No. 193, Blakely, July 26, 1974, a copy of which is enclosed. In that opinion the Attorney General stated that simultaneous membership on the Coordinating Board for Higher Education and on a board of a Missouri junior college district or a state university is improper because the Coordinating Board has extensive supervisory powers over the various state institutions of higher education in the state. The opinion did not directly address the question of whether or not board members of a junior college district or of a state university are "educational administrators"; however, the official opinion obviously so concluded implicitly in its prohibition of simultaneous memberships.
The term "educational administrator" is a broad term, arguably encompassing a broad range of activity. Although the curators at the University of Missouri, for example, referred to in Section 6.2, are not professional educational administrators in the most strict sense of the word, they have extensive administrative duties within the university as delineated in Chapter 172, RSMo 1969.
Opinion No. 193, 1974, did not directly address the question of membership on the Coordinating Board concurrent with membership on the board of a private institution. The reasoning of the earlier opinion, however, which notes the intrinsic incompatibility of the two offices, applies to the present case.
In the present case, the element which is the most significant to the interpretation of the term "educational administrator" and its application in this context is the actual functioning of the Coordinating Board itself and the continuous potential for conflict inherent therein when the Board seeks to coordinate Missouri higher education. Through exercising their data and information-gathering powers over private institutions, and in holding the power to impose sanctions upon non-complying institutions, the members of the Coordinating Board are placed in positions of on-going potential conflict with not only the state, but also the private, institutions of Missouri. Neither the state nor the individual institution would be most effective represented by one who holds membership in both entities simultaneously.
It is a well-established principle of administrative law that ". . . [t]he interpretation and construction of the statute by an agency charged with its administration is entitled to great weight. . . ." Foremost-McKesson, Inc. v. Davis, 488 S.W.2d 193, 197 (Mo. Banc 1972). Two current members of the Coordinating Board voluntarily resigned positions as trustees of private institutions in Missouri before accepting positions on the Coordinating Board because they regarded their positions as trustees of private institutions as holding potential conflicts of interest with the Coordinating Board.
Furthermore, the legislature has provided the Coordinating Board with an "advisory committee" composed of representatives from state and private institutions whose presence will assure that the Coordinating Board has full knowledge of the problems facing the institutions that it seeks to coordinate. The advisory committee provided for in Section 6.3 includes representatives of each of five accredited private institutions selected biennially, under the supervision of the Coordinating Board, by the presidents of all the state's privately supported institutions; but always to include at least one representative from one privately supported junior college, one privately supported four-year college and one privately supported university. The committee's function is to advise the Coordinating Board of the views of institutions on matters within the purview of the Coordinating Board.
CONCLUSION
It is the opinion of this office that a person cannot serve simultaneously as a trustee of a private college in Missouri and as a member of the State Coordinating Board for Higher Education.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Ann Covington.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure Op. No. 193, Blakely; 7-26-74